[No. 8341.   Department Two.   March 30, 1910.]

R. T. Ankerson, *Respondent,* v. Lewis P. Larson,
*Appellant.*[1]

Vendor and Purchaser—Contracts—Performance by Vendor—
Action for Price—Defenses—Title. In an action to recover on a
promissory note given as the first cash payment on a sale of land
which the vendee sought to rescind, it is immaterial that the title
to the land stood in the name of a third party, where at the time of
the sale the vendor secured a deed of the lands from the title holder
to the vendee, and placed the same in escrow at the vendee's request
awaiting deferred payments, and the vendor was able to perform
and tendered full performance.

Same—Objections to Title—Waiver—Evidence—Admissibility.
The oral and written opinion of an attorney pointing out defects in
the title as shown by an abstract of title, is not admissible in evi-
dence upon an issue as to the vendee's right to rescind, where the
opinions were acts in the preliminary proceedings long before the
execution of the contract, the defects were not pointed out by the
vendee to the vendor or corrections requested, and no objections
were made to the title, which was satisfactory to the vendee when
the contract was made.

Appeal from a judgment of the superior court for Spokane
county, Kennan, J., entered December 28, 1908, upon find-
ings in favor of the plaintiff, after a trial on the merits be-
fore the court without a jury, in an action on a promissory
note. Affirmed.

*Robertson, Miller & Rosenhaupt,* for appellant.

*L. L. Westfall,* for respondent.

Crow, J.—This action was commenced by R. T. Ankerson
against Lewis P. Larson, to recover $1,000, interest and at-
torney's fees, on a promissory note executed by the defendant.
To the complaint, which was in the usual form, the defendant,
by way of affirmative answer, in substance alleged that, when
the note was signed, the plaintiff agreed to execute and de-

[1]Reported in 107 Pac. 879.

8—58 Wash.

liver to the defendant an abstract of title and a deed for certain real estate, which he was then selling to the defendant; that the consideration for the deed was to be $6,000; that the $1,000 note was to apply thereon; that it was never delivered, but was to be held and retained by plaintiff as a part of the agreement of sale, and returned if the deal was not consummated; that plaintiff failed to deliver a good and sufficient abstract and deed showing and conveying title, within the time stipulated, and that the note should be cancelled for want of consideration.

The plaintiff, by reply, alleged that the note was given in lieu of a cash payment of $1,000 mentioned in a written contract for a sale of the land, the defendant agreeing to pay $6,000 in three installments; $1,000 cash, $2,000 on September 20, 1907, and $3,000 on January 20, 1908, when a deed was to be delivered; that prior to the execution of the written contract, plaintiff furnished an abstract of title which was approved by the defendant; that the defendant defaulted in the deferred payments; that plaintiff is nevertheless willing to waive forfeiture of the contract, and will complete the transfer by the delivery of a good and sufficient deed upon payment of the agreed purchase price. On trial without a jury, findings and judgment were entered in plaintiff's favor, from which the defendant has appealed.

The appellant first contends that the findings are not sustained by the evidence, but after a careful reading of the entire record, we conclude that they must be approved. On the trial the appellant contended that title to the land stood in the name of a third party, the respondent's brother, and that the written contract was invalid for want of an acknowledgment. The evidence shows that a deed from respondent's brother, properly executed, had been placed in escrow, in compliance with appellant's request; that respondent had performed every act necessary to a conveyance of the land, but that appellant had failed to pay the installments of purchase money as they matured; that time was of the

essence of the contract, but that the respondent was willing and ready to waive forfeiture by delivering the deed upon full payment being made by appellant.  Under this showing it was an immaterial inquiry on the trial of this action whether the legal title stood in the name of another, or whether the contract was acknowledged.  Respondent tendered full performance.  The appellant was the only person in default, and it is undisputed that the note was given to meet the first or cash payment of purchase money stipulated in the contract of sale.

The note and written contract were executed on July 20, 1907.  The parties had been negotiating for several months previous thereto.  Early in May, 1907, the respondent delivered to the appellant's attorney an abstract of title for examination.  They prepared and delivered to appellant a letter or written opinion making some objections.  On the trial the appellant produced one of these attorneys as a witness, to testify to alleged defects in the title as disclosed by the abstract, and to the uncompleted condition of the abstract itself.  Appellant, attacking the title, also offered the written opinion in evidence.  He now contends that the trial court erred in rejecting the written opinion and the oral testimony of the witness.  The delivery of the abstract, its examination by appellant's attorney, and its return to respondent without any objections being communicated to him, long preceded the execution of the written contract and were acts in the nature of preliminary negotiations.  There is no evidence that the respondent's attention was called to any alleged defect in the abstract, that the opinion was delivered or shown to him, or that he was requested to have the abstract extended or to make any corrections in the title.  On the contrary, it is manifest from his actions that the appellant was satisfied with the title; that after all these occurrences he accepted the title, entered into the written contract, and at the same time executed and delivered the note in settlement of the first payment.  Considering these facts, which are clearly proven, the

evidence offered by the appellant and excluded by the trial judge was irrelevant and immaterial. The trial court found:

"That prior to the making of said contract plaintiff procured an abstract of said premises and at the request of the defendant delivered the same to the defendant's attorneys at Spokane, Washington, for examination, and that the said contract was entered into after all matters of title and other matters pertaining to said sale were made satisfactory to the defendant, and that a deed has been prepared in accordance with said contract and is ready for delivery to the defendant when he has fully paid for the said premises according to said contract."

There is no prejudicial error in the record. Upon the evidence and findings, the respondent is entitled to a recovery. The judgment is affirmed.

RUDKIN, C. J., DUNBAR, PARKER, and MOUNT, JJ., concur.